**JEFFREY S. YOUNG, SB# 172016**
**LAW OFFICE OF JEFFREY S. YOUNG**
1307 State Street, 1st Floor
Santa Barbara, CA 93101
jeff@jeffreyyounglaw.com
Tel: (805) 884-0338
Fax: (805) 884-0799

Attorney for Plaintiff
GREG YOUNG PUBLISHING, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG YOUNG PUBLISHING, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION, a corporation, RELATIVITY MEDIA LLC, a corporation, ILLUMINATION ENTERTAINMENT, a corporation, RHYTHM AND HUES STUDIOS, INC. a corporation, and DOES 1 to 10,<br><br>Defendants. | Case No. 2:14-CV-0002360<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, Greg Young Publishing, Inc. ("GYP"), by its undersigned counsel, for its complaint against Comcast Corporation, Relativity Media LLC, Illumination

1
COMPLAINT

Entertainment, and Rhythm and Hues Studios, Inc. ("Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. This case is a civil action arising under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq*. This Court has subject-matter jurisdiction over this action pursuant to 17 U.S.C. § 501, 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

2. Personal jurisdiction and venue are proper in this district pursuant to 28 U.S.C. § 1400(a), as defined by 28 U.S.C.§§ 1391(b) and (c)

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 1400(a) because Defendants have principal places of business in this district, and because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

4. Greg Young Publishing, Inc. (Plaintiff) is a California corporation domiciled in Santa Barbara, California. Greg Young is the corporation's president and sole shareholder.

5. Comcast Corporation, d.b.a. Universal Pictures, (Defendant) is a Pennsylvania corporation domiciled in Philadelphia, Pennsylvania. Universal Pictures conducts its business from its offices in Universal City, California. Universal Pictures produced and distributed the motion picture movie "HOP."

6. Relativity Media LLC (Defendant) is a California limited liability corporation domiciled in Beverly Hills, California. Relativity Media is a film production studio involved in the creation of the motion picture movie "HOP."

7. Illumination Entertainment (Defendant) is a California corporation domiciled in Santa Monica, California. Illumination Entertainment is a film production

company involved in the creation of the motion picture movie "HOP."

8. Rhythm and Hues Studios, Inc. (Defendant) is a California corporation domiciled in El Segundo, California. Rhythm and Hues Studios is a special effects and animation company involved in the creation of the motion picture movie "HOP."

9. GYP is ignorant of the true names of defendants sued herein using the fictitious names Does 1 to 10. GYP will amend this complaint when the true names of Does 1 to 10 are discovered.

## FACTUAL BACKGROUND

10. Plaintiff, Greg Young Publishing, Inc. (hereinafter "GYP") is a California-based art publisher. GYP represents several artists, including the artist Scott Westmoreland.

11. Scott Westmoreland is a nationally known artist who graduated with a degree in art from Cal State, Fullerton in 1991. Mr. Westmoreland spent the first decade of his career as a designer and illustrator in the entertainment industry creating original posters, programs, brochures and multi-use images for major theatrical productions nation-wide, including tours and the Broadway stage. He served as a comprehensive artist for the motion picture industry and its advertisers, as well as a regular contractor for the Walt Disney Company and MCA Universal.

12. In 1996, Mr. Westmoreland was asked to become a full-time Staff artist at Disney, where he created numerous marketing, merchandising and collector edition pieces, as well as countless conceptual and developmental campaigns for Michael Eisner.

13. Mr. Westmoreland rejoined the freelance world in 2001 where he has concentrated his efforts in the fine art arena. He subsequently licensed is

fine art images onto many various products including calendars, puzzles, wall murals, clocks, 3-D sculptures, coasters, wallpaper borders, clothing and much more. His surf, woodie car, tropical and pinup girl series have made him a recognizable name on the national art scene.

14. Mr. Westmoreland is a "top 100" seller on Art.com.  He has been featured by television shows like Fox's "Trading Spouses", ABC Family's "Knock First", and in publications like "Decor" and "Total Art Licensing". In addition, he has published a limited edition fine art (gicelee on canvas) series.

15. Mr. Westmoreland painted an original piece of artwork entitled "Starting Lineup."  A copy of "Starting Lineup" is attached as Exhibit "A."

16. At all times relevant herein, Scott Westmoreland has complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights and privileges in and to the copyrights of "Starting Lineup".

17. A registration for "Starting Lineup" was issued by the U.S. Copyright Office effective on May 21, 2007, carrying the Registration Number VA-0001416155. Attached as Exhibit "B" is a copy of the certificate of registration for "Starting Lineup."

18. On September 14, 2012, Scott Westmoreland assigned his copyrights in "Starting Lineup" to GYP, including the right to enforce such copyrights against infringements.  A true and correct copy of that assignment is attached as Exhibit "C."

## DEFENDANTS' INFRINGING ACTIVITIES

19. Defendants created and produced the motion picture movie, "HOP," an Easter-themed live-action/animated comedy family film.

20. The Defendants released "HOP" to the general public on April 1, 2011.

21. "HOP" contains unauthorized reproductions of "Starting Lineup" in the animated scenes of the movie, where it is used as a poster on the bedroom wall of the main character of the movie.

22. The Defendants produced at least two trailers for "Hop", that are still available for viewing on the Internet, in which unauthorized reproductions of "Starting Lineup" appear. Attached as Exhibit "D" is a screen shot image showing "Starting Lineup" as it appears in one of "HOP's" two trailers.

23. "Starting Lineup" appears in "HOP" at two different times. "Starting Lineup" first appears in "HOP" at 12 minutes and 42 seconds into the movie. The scene lasts 2 minutes and 30 seconds with "Starting Lineup" displayed for 53 seconds during this scene. Attached as Exhibit "E" is a screen shot image showing "Starting Lineup" as it appears at 13 minutes and 38 seconds into the movie. "Starting Lineup" next appears in "HOP" at 44 minutes and 20 seconds into the movie. Attached as Exhibit "F" is a screen shot image showing "Starting Lineup" as it appears at 44 minutes and 42 seconds into the movie. This scene lasts for 1 minute and 50 seconds with "Starting Lineup" displayed for 3 seconds during this scene.

## CLAIM FOR COPY RIGHT INFRINGEMENT

24. GYP incorporates the prior paragraphs by reference as though fully set forth herein.

25. GYP owns all title and interest in the copyrights of "Starting Lineup" that has been publicly displayed, reproduced, copied, and distributed by Defendants.

26. Defendants have willfully, intentionally, and deliberately infringed the copyrights of "Starting Lineup" by unlawfully publicly displaying, reproducing, copying, and distributing copies of "Starting Lineup" in the

movie "HOP" in violation of the Unites States Copyright Act, 17 U.S.C. § 501, *et seq.* and to this day continue to do so.

27. Defendants' infringement was and is willful, or undertaken with gross indifference to, or ruthless disregard of, the rights of others, and executed with full knowledge of copyrights in "Starting Lineup" and in conscious disregard of GYP's exclusive copyright in "Starting Lineup."

28. Defendants had access to "Starting Lineup, by nature of the fact that it is sold nationally in many stores and in many catalogs as well as on the Internet.

29. GYP is entitled to recover Defendants' profits, or at GYP's election, statutory damages in accordance with 17 U.S.C. § 504.

30. GYP is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 505.

## PRAYER FOR RELIEF

Wherefore, for the reasons set forth above, GYP prays for judgment against all Defendants as follows:

1. Judgment in favor of GYP and against all Defendants;
2. An Order that requires Defendants to pay their profits to GYP, or, at GYP's election statutory damages as provided under 17 U.S.C. § 504;
3. An Order multiplying the amount of the damages awarded to GYP as permitted by law;
4. An Order awarding GYP pre- and post-judgment interest on the money damages;
5. An Order that Defendants pay GYP for the costs of the action and GYP's reasonable attorneys' fees; and
6. An Order granting GYP such other and further relief as this Court deems

6
COMPLAINT

equitable and proper.

## DEMAND FOR JURY TRIAL

Plaintiff GYP demands a trial by jury on claims so triable.

Respectfully submitted,

Dated: March 26, 2014        LAW OFFICES OF JEFFREY YOUNG

By: /s/ Jeffrey S. Young, Esq.
Jeffrey S. Young, SB# 172016
LAW OFFICES OF JEFFREY S. YOUNG
1307 State Street, 1st Floor
Santa Barbara, CA 93101
jeff@jeffreyyounglaw.com
805 884-0338 (phone)
805 884-0799 (fax)

Attorney for Plaintiff Greg Young Publishing, Inc.