**JEFFREY S. YOUNG, SB# 172016**
**LAW OFFICE OF JEFFREY S. YOUNG**
1307 State Street, 1st Floor
Santa Barbara, CA 93101
jeff@jeffreyyounglaw.com
Tel: (805) 884-0338
Fax: (805) 884-0799

Attorney for Plaintiff
GREG YOUNG PUBLISHING, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG YOUNG PUBLISHING, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL PICTURES a division of UNIVERSAL CITY STUDIOS LLC, a corporation, RELATIVITY MEDIA LLC, a corporation, ILLUMINATION ENTERTAINMENT, a corporation, LENNIE MARVIN ENTERPRISES, INC. a corporation, and DOES 1 to 10,<br><br>Defendants. | Case No. 2:14-CV-02360 DSF (CW)<br><br><br>**SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, Greg Young Publishing, Inc. ("GYP"), by its undersigned counsel, for its complaint against Universal City Studios LLC, Relativity Media LLC,

1

Illumination Entertainment, and Lennie Marvin Enterprises, Inc. ("Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. This case is a civil action arising under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq.* This Court has subject-matter jurisdiction over this action pursuant to 17 U.S.C. § 501, 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

2. Personal jurisdiction and venue are proper in this district pursuant to 28 U.S.C. § 1400(a), as defined by 28 U.S.C. §§ 1391(b) and (c).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 1400(a) because Defendants have principal places of business in this district, and because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

4. Greg Young Publishing, Inc. (Plaintiff) is a California corporation domiciled in Santa Barbara, California. Greg Young is the corporation's president and sole shareholder.

5. Universal City Studios LLC (Defendant) is a Delaware limited liability corporation domiciled in Universal City, California. Universal Pictures, a division of Universal City Studios LLC conducts its business from its offices in Universal City, California. Universal Pictures produced and distributed the motion picture movie "HOP."

6. Relativity Media LLC (Defendant) is a California limited liability corporation domiciled in Beverly Hills, California. Relativity Media is a film production studio involved in the creation of the motion picture movie "HOP."

7. Illumination Entertainment (Defendant) is a California corporation domiciled in Santa Monica, California. Illumination Entertainment is a film production

2

SECOND AMENDED COMPLAINT

company involved in the creation of the motion picture movie "HOP."

8. Lennie Marvin Enterprises, Inc. (Defendant) is a California corporation domiciled in Los Angeles, California. Lennie Marvin Enterprises is a motion picture rental prop company which provided props to Universal Pictures that were used in the creation of the motion picture movie "HOP."

9. GYP is ignorant of the true names of defendants sued herein using the fictitious names Does 1 to 10. GYP will amend this complaint when the true names of Does 1 to 10 are discovered.

## FACTUAL BACKGROUND

10. Plaintiff, Greg Young Publishing, Inc. (hereinafter "GYP") is a California-based art publisher. GYP represents several artists, including the artist Scott Westmoreland.

11. Scott Westmoreland is a nationally known artist who graduated with a degree in art from Cal State, Fullerton in 1991. Mr. Westmoreland spent the first decade of his career as a designer and illustrator in the entertainment industry creating original posters, programs, brochures and multi-use images for major theatrical productions nation-wide, including tours and the Broadway stage. He served as a comprehensive artist for the motion picture industry and its advertisers, as well as a regular contractor for the Walt Disney Company and MCA Universal.

12. In 1996, Mr. Westmoreland was asked to become a full-time Staff artist at Disney, where he created numerous marketing, merchandising and collector edition pieces, as well as countless conceptual and developmental campaigns for Michael Eisner.

13. Mr. Westmoreland rejoined the freelance world in 2001 where he has concentrated his efforts in the fine art arena. He subsequently licensed his fine art images onto many various products including calendars, puzzles,

wall murals, clocks, 3-D sculptures, coasters, wallpaper borders, clothing and much more. His surf, woodie car, tropical and pinup girl series have made him a recognizable name on the national art scene.

14. Mr. Westmoreland is a "top 100" seller on Art.com. He has been featured by television shows like Fox's "Trading Spouses," ABC Family's "Knock First," and in publications like "Decor" and "Total Art Licensing." In addition, he has published a limited edition fine art (gicelee on canvas) series.

15. Mr. Westmoreland painted an original piece of artwork entitled "Starting Lineup." A copy of "Starting Lineup" is attached as Exhibit "A."

16. At all times relevant herein, Scott Westmoreland has complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights and privileges in and to the copyrights of "Starting Lineup."

17. A registration for "Starting Lineup" was issued by the U.S. Copyright Office effective on May 21, 2007, carrying the Registration Number VA-0001416155. Attached as Exhibit "B" is a copy of the certificate of registration for "Starting Lineup."

18. On September 14, 2012, Scott Westmoreland assigned his copyrights in "Starting Lineup" to GYP, including the right to enforce such copyrights against infringements. A true and correct copy of that assignment is attached as Exhibit "C."

**DEFENDANTS' INFRINGING ACTIVITIES**

19. Defendants Universal City Studios, Relativity Media, and Illumination Entertainment created and produced the motion picture movie, "HOP," an Easter-themed live-action/animated comedy family film.

20. Defendants Universal City Studios, Relativity Media, and Illumination Entertainment released "HOP" to the general public on April 1, 2011.

21. "HOP" contains unauthorized reproductions of "Starting Lineup" in the animated scenes of the movie, where it is used as a poster on the bedroom wall of the main character of the movie. The unauthorized reproductions of "Starting Lineup" were provided to Defendants Universal City Studios, Relativity Media, and Illumination Entertainment by Defendant Lennie Marvin Enterprises.

22. The Defendants produced at least two trailers for "Hop", that are still available for viewing on the Internet, in which unauthorized reproductions of "Starting Lineup" appear. Attached as Exhibit "D" is a screen shot image showing "Starting Lineup" as it appears in one of "HOP's" two trailers.

23. "Starting Lineup" appears in "HOP" at two different times. "Starting Lineup" first appears in "HOP" at 12 minutes and 42 seconds into the movie. The scene lasts 2 minutes and 30 seconds with "Starting Lineup" displayed for 53 seconds during this scene. Attached as Exhibit "E" is a screen shot image showing "Starting Lineup" as it appears at 13 minutes and 38 seconds into the movie. "Starting Lineup" next appears in "HOP" at 44 minutes and 20 seconds into the movie. Attached as Exhibit "F" is a screen shot image showing "Starting Lineup" as it appears at 44 minutes and 42 seconds into the movie. This scene lasts for 1 minute and 50 seconds with "Starting Lineup" displayed for 3 seconds during this scene.

24. The movie "HOP" is currently available to the public for purchase or rent via physical DVD, Blu-Ray disc, digital download, or by streaming throughout the world.

## COUNT ONE
## CLAIM FOR COPY RIGHT INFRINGEMENT
## AGAINST DEFENDANTS UNIVERSAL CITY STUDIOS, RELATIVITY MEDIA, AND ILLUMINATION ENTERTAINMENT

25. GYP incorporates the prior paragraphs by reference as though fully set forth herein.

26. GYP owns all title and interest in the copyrights of "Starting Lineup" that has been publicly displayed, reproduced, copied, and distributed by Defendants.

27. Defendants rented a copy of "Starting Lineup," from Defendant Lennie Marvin Enterprises, for the purpose of using the image in "HOP."

28. Defendants did not have authorization from Mr. Westmoreland, nor from Mr. Westmoreland's agents to use, reproduce, or display "Starting Lineup" in "HOP."

29. Defendants did not provide any recognition of Mr. Westmoreland for use of "Starting Lineup" in the credits for "HOP."

30. Defendants have willfully, intentionally, deliberately, and/or recklessly infringed the copyrights of "Starting Lineup" by unlawfully copying and reproducing the image within computer generated animation used in the movie "HOP," in violation of the Unites States Copyright Act, 17 U.S.C. § 501, *et seq.*

31. Defendants further willfully, intentionally, deliberately, and/or recklessly infringed the copyrights of "Starting Lineup" by publicly displaying in theaters and distributing copies (via film reels, DVDs, Blue-Ray disc, digital downloads or digital streaming) of reproductions of "Starting Lineup" in the movie "HOP" in violation of the Unites States Copyright Act, 17 U.S.C. § 501, *et seq.* and to this day continue to do so.

32. Defendants' infringement was and is willful, or undertaken with gross indifference to, or ruthless disregard of the rights of others, and executed with full knowledge of copyrights in "Starting Lineup" and in conscious disregard of GYP's exclusive copyright in "Starting Lineup."

33. GYP is entitled to recover Defendants' profits, or at GYP's election, statutory damages in accordance with 17 U.S.C. § 504.

## COUNT TWO
## CLAIM FOR CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST DEFENDANT LENNIE MARVIN ENTERPRISES

34. GYP incorporates the prior paragraphs by reference as though fully set forth herein.

35. Lennie Marvin Enterprises (Defendant) obtained one or more physical copies of "Starting Lineup" from a third-party, sometime between 2007 and 2010.

36. Defendant then rented a copy of "Starting Lineup" to Universal City Studios, Relativity Media, and Illumination Entertainment (Defendants) with full knowledge that Defendants intended to use the image in "HOP."

37. Defendant did not have authorization from Mr. Westmoreland, nor from Mr. Westmoreland's agents, to license "Starting Lineup" for use in "HOP" or for any other purpose.

38. Defendant materially contributed to the infringement of "Starting Lineup" by Defendants, when it knowingly provided Defendants with a copy of "Starting Lineup" for use in "HOP."

39. Defendant rented "Starting Lineup" to Defendants for use in "HOP" for the inadequate sum of $18.00.

40. Any belief that Defendant may have possessed regarding its right to license "Starting Lineup" for use in "HOP" was unfounded, careless, negligent and/or reckless.

41. GYP is entitled to recover Defendants' profits, or at GYP's election, statutory damages in accordance with 17 U.S.C. § 504.

7
SECOND AMENDED COMPLAINT

## PRAYER FOR RELIEF

Wherefore, for the reasons set forth above, GYP prays for judgment against all Defendants as follows:

1. Judgment in favor of GYP and against all Defendants;
2. An Order that requires Defendants to pay their profits to GYP, or, at GYP's election statutory damages as provided under 17 U.S.C. § 504;
3. An Order multiplying the amount of the damages awarded to GYP as permitted by law;
4. An Order awarding GYP pre- and post-judgment interest on the money damages;
5. An Order that Defendants pay GYP for the costs of the action and GYP's reasonable attorneys' fees as provided under 17 U.S.C. § 505; and
6. An Order granting GYP such other and further relief as this Court deems equitable and proper.

## DEMAND FOR JURY TRIAL

Plaintiff GYP demands a trial by jury on claims so triable.

Respectfully submitted,

Dated: July 31, 2014      LAW OFFICES OF JEFFREY YOUNG

By: /s/ Jeffrey S. Young, Esq.
Jeffrey S. Young, SB# 172016
LAW OFFICES OF JEFFREY S. YOUNG
1307 State Street, 1st Floor
Santa Barbara, CA 93101
jeff@jeffreyyounglaw.com
805 884-0338 (phone)
805 884-0799 (fax)

Attorney for Plaintiff Greg Young Publishing, Inc.

# Starting Lineup



## VA 0001416155 05-21-2007

EXHIBIT "A" to Complaint



# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Builder = (westmoreland, Scott)[ in Name: Claimant ]
Search Results: Displaying 19 of 28 entries





*Starting lineup.*

**Type of Work:** Visual Material
**Registration Number / Date:** VA0001416155 / 2007-05-21
**Title:** Starting lineup.
**Description:** Reproduction of painting.
**Copyright Claimant:** Scott Westmoreland, 1964-.
**Date of Creation:** 2003
**Date of Publication:** 2003-07-01
**Copyright Note:** Cataloged from appl. only.
**Names:** Westmoreland, Scott, 1964-.



| Save, Print and Email (Help Page) |
|---|
| Select Download Format: Full Record   Format for Print/Save |
| Enter your email address:   Email |

Help  Search  History  Titles  Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright | Copyright Office Home Page | Library of Congress Home Page

EXHIBIT "B" to Complaint

# COPYRIGHT ASSIGNMENT AGREEMENT

This COPYRIGHT ASSIGNMENT AGREEMENT ("**Copyright Assignment**"), effective as of September 14, 2012, is made by Scott Westmoreland ("**Artist**"), a California resident located at 541 S. Paseo De Luna, Anaheim, CA, in favor of Greg Young Publishing, Inc. ("**Publisher**"), a California corporation, having an address of PO Box 2487, Santa Barbara, CA 93120, the purchaser of certain assets of Artist pursuant to the Asset Purchase Agreement between Publisher and Artist, dated as of May 29, 2013 (the "**Asset Purchase Agreement**").

WHEREAS, under the terms of the Asset Purchase Agreement, Artist has conveyed, transferred and assigned to Publisher, among other assets, certain intellectual property of Artist, and has agreed to execute and deliver this Copyright Assignment, for recording with governmental authorities including, but not limited to, the US Copyright Office;

NOW THEREFORE, the parties agree as follows:

1. <u>Assignment</u>. In consideration for the execution of the Asset Purchase Agreement, the payment of the consideration stipulated in the Asset Purchase Agreement and other good and valuable consideration, the receipt and sufficiency are hereby acknowledged, Artist hereby irrevocably conveys, transfers and assigns to Publisher, and Publisher hereby accepts, all of Artist's right, title and interest in and to the following (the "**Assigned Copyrights**"):

   (a) the copyright registrations, and applications for registration and exclusive copyright licenses set forth in <u>Schedule 1</u> hereto and all issuances, extensions and renewals thereof;

   (b) all rights of any kind whatsoever of Artist accruing under any of the foregoing provided by applicable law of any jurisdiction, by international treaties and conventions and otherwise throughout the world;

   (c) any and all royalties, fees, income, payments and other proceeds now or hereafter due or payable with respect to any and all of the foregoing; and

   (d) any and all claims and causes of action, with respect to any of the foregoing, whether accruing before, on and/or after the date hereof, including all rights to and claims for damages, restitution and injunctive and other legal and equitable relief for past, present and future infringement, misappropriation, violation, misuse, breach or default, with the right but no obligation to sue for such legal and equitable relief and to collect, or otherwise recover, any such damages.

2. <u>Recordation and Further Actions</u>. Artist authorizes the Register of Copyrights and any other governmental officials to record and register this Copyright Assignment upon request by Publisher. Artist shall take such steps and actions following the date hereof, including the execution of any documents, files, registrations, or other similar items, to ensure that the Assigned Copyrights are properly assigned to Publisher, or any assignee or successor thereto.

3. <u>Terms of the Asset Purchase Agreement</u>. The terms of the Asset Purchase Agreement, including, but not limited to, the representations, warranties, covenants, agreements and indemnities relating to the Assigned Copyrights are incorporated herein by this reference. The parties hereto acknowledge and agree that the representations,

**EXHIBIT 'C'** to Complaint

warranties, covenants, agreements and indemnities contained in the Asset Purchase Agreement shall not be superseded hereby but shall remain in full force and effect to the full extent provided therein. In the event of any conflict or inconsistency between the terms of the Asset Purchase Agreement and the terms hereof, the terms of the Asset Purchase Agreement shall govern.

4.  Counterparts. This Copyright Assignment may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this Copyright Assignment delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Copyright Assignment.

5.  Successors and Assigns. This Copyright Assignment shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

6.  Governing Law. This Copyright Assignment and any claim, controversy, dispute or cause of action (whether in contract, tort or otherwise) based upon, arising out of or relating to this Copyright Assignment and the transactions contemplated hereby shall be governed by, and construed in accordance with, the laws of the United States and the State of California, without giving effect to any choice or conflict of law provision or rule (whether of the State of California or any other jurisdiction).

IN WITNESS WHEREOF, Artist has duly executed and delivered this Copyright Assignment as of the date first above written.

Scott Westmoreland

By: _____
Scott Westmoreland

AGREED TO AND ACCEPTED:

Greg Young Publishing, Inc.

By: _____
Name: Greg Young
Title: President

EXHIBIT 'C' to Complaint

## SCHEDULE 1

### ASSIGNED COPYRIGHT REGISTRATIONS AND APPLICATIONS

REGISTRATION NUMBER / DATE: VA0001631104 / 2007-10-29
TITLE: SURF SHACK
DATE OF PUBLICATION: 2006-03-01

REGISTRATION DATE: 2012-09-06
TITLE: FUN IN THE SUN.
DATE OF CREATION: 2007

REGISTRATION NUMBER / DATE: VA0001790804 / 2011-09-26
APPLICATION TITLE: PARROT-DISE.
DATE OF PUBLICATION: 2003-01-15

REGISTRATION NUMBER / DATE: VAU000955134 / 2007-10-29
TITLE: G'DAY MATE.
DATE OF CREATION: 2002

REGISTRATION NUMBER / DATE: VA0001416155 / 2007-05-21
TITLE: STARTING LINEUP.
DATE OF PUBLICATION: 2003-07-01

REGISTRATION NUMBER / DATE: VA0001751648 / 2010-12-02
TITLE: COASTING THROUGH-SW4
DATE OF CREATION: 2010

EXHIBIT 'C' to Complaint



Hop - Trailer

EXHIBIT "D" to Complaint

Case 2:14-cv-02360-DSF-CW Document 30-5 Filed 07/31/14 Page 1 of 1 Page ID #:141

# Hop feature film –



EXHIBIT "E" to Complaint

# Hop feature film –



EXHIBIT "F" to Complaint

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Greg Young Publishing, Inc.<br><br>*Plaintiff(s)*<br>v.<br>see attached copy of caption from<br>Second Amended Complaint<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 2:14-CV-0002360 DSF (CWx)<br>)<br>)<br>)<br>)<br>)<br>) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  Universal Pictures, a division of Universal City Studios LLC, a corporation;
Relativity Media LLC, a corporation;
Illumination Entertainment, a corporation;
Lennie Marvin Enterprises, Inc., a corporation.

    A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

        Jeffrey S. Young, Esq.
        Law Offices of Jeffrey S. Young
        1307 State Street, 1st Floor
        Santa Barbara, CA  93101

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                      *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 2:14-CV-0002360 DSF (CWx)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:


[ Print ]   [ Save As... ]                                                                                  [ Reset ]